IN THE
# United States District Court
## for the Northern District of California



San Francisco Division
450 Golden Gate Avenue
San Francisco, CA 94102-3489

FILED

MAY -9 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | Case No.: |
| *Plaintiff,* | ) | |
| | ) | **CV 23-2265** LJC |
| *v.* | ) | Judge Presiding |
| | ) | |
| UNITED STATES, | ) | FEDERAL STATUTE CONST. |
| *Defendant.* | ) | CHALLENGE COMPLAINT |
| | ) | JURY TRIAL NOT DEMANDED |

## COMPLAINT



I, *plaintiff* Andrew U. D. Straw, make this COMPLAINT after having been denied certiorari by the U.S. Supreme Court 13x since 2014. Because I believe the statute allowing this violates Article III (Supreme Court must exist & always give merits decisions to petitioners), the First Amendment (right to court access and right to present viewpoints to federal courts), and the Fifth Amendment (Due Process, fairness, substantial justice), I ask for a declaration of law that the statute allowing those denials with no merits decision (43 Stat. 936) be found unconstitutional so I will not have this problem when I petition the U.S. Supreme Court again, and so COMPLAIN:

### PRELIMINARY MATTERS

1. I ask separately for *In Forma Pauperis* status and if this is granted, I also request service to the United States under FRCP Rule 4(c)(3) & 28 U.S.C. §

1915(d). My application for *IFP* is included with this filing. Motion to serve defendant attached.

2. I am a U.S. citizen physically overseas in the Philippines. I request **E-Notice** of all filings and **permission to file electronically using CM/ECF.**

3. My email address for both is: andrew@andrewstraw.com

4. I am in fact an attorney licensed at the U.S. Court of Appeals for the 4th Circuit.

5. I have been granted CM/ECF pro se filing for *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal.)

6. My coversheet is included.

### FACTS GIVING RISE TO STANDING

7. I have filed 13 petitions for writ of certiorari to the U.S. Supreme Court that were all denied from 2014-2022.

8. The docket numbers at the U.S. Supreme Court were 14-702, 16-1306, 16-1346, 17-6812, 17-7536, 17-7499, 17-8004, 17-8005, 17-8143, 17-8246, 17-8426, 17-8427, 21-6713.

9. A cursory review of these petitions shows that nearly all concerned some aspect of a **law license suspension** I received from my former employer, the Indiana Supreme Court, because I lost 4 Midwest federal lawsuits on ADA disability rights as a person with mental and physical disabilities from public service. Thus, my disagreement on questions of law and fact resulted in my having over 6 years of law license suspensions (expanded reciprocally to 4 federal courts) **without any sanction in the original courts** on which the suspension was based.

10. The reciprocal suspensions happened without a single federal hearing and over my strong objections. *Straw v. U.S. District Court*, 17-2523 (7th Cir. 2017)

11. This suspension process began with *my* ADA complaint to the Indiana Supreme Court about its treatment of me as a former employee hired by the Chief Justice of Indiana after a reckless driver broke both my legs, my pelvis, ribs, hand and facial bones on my way to that state supreme court to work on **February 22, 2001**. I provided statistical and court administration services to every court and judge and justice in the state of Indiana as the statistical analyst for the Indiana Judicial Branch. This was my old business card in 2000:



12.

13. Given taking my law licenses was a property taking as well as violating due process and substantial fairness in the total absence of considering any of my mitigating facts (including 18 years of law licensures with no sanctions, 1999-2017), I felt there should be review. The U.S. Supreme Court would not give me that review. **16-1346**. For me, this meant due process and property rights

3

for my most valuable properties as a lawyer **do not exist** with the U.S. Supreme Court closed to me without any merits decision, just **NO certiorari**.

14. The suspension spread to my 4 law licenses in the U.S. District Courts for the Northern District of Indiana, Southern District of Indiana, Northern District of Illinois, and Western District of Wisconsin, all in the Seventh Circuit.

15. I was unable to seek direct takings compensation for my 4 federal law licenses under the 5th Amendment at the D.C. Circuit because that Court would not review any other court's actions for a taking and cited to my denial under the Tucker Act at the Federal Circuit on the same grounds. *Straw v. United States*, 21-5300, 2022 WL 626946 (D.C. Cir. 3/1/2022).

16. I was unable to seek law license takings compensation for those 4 federal licenses under the Tucker Act because the Federal Circuit would not review any other court's actions for a taking. *Straw v. United States*, 21-1597, 21-1598 (Fed. Cir. 2021). This despite the fact that *only* the Court of Federal Claims had jurisdiction over such a takings claim because I demanded **over $10,000**, making it impossible to use the Tucker Act (5th Amendment Takings) for those claims in any Midwest U.S. District Court. **28 U.S.C. § 1346(a)(2).**

17. When I appealed the Federal Circuit refusal to protect my law licenses as property with compensation when taken from me, the U.S. Supreme Court not only would not review it, but *insulted me* cryptically by saying my petition and previous petitions "abused process" but did not explain how, which is just as illegitimate as the amorphous abuses of "frivolous" as a reason to suspend a

4

lawyer for long periods. *Straw v. United States*, 21-6713 (2/22/2022). That denial of *certiorari* came on **2/22/2022**, the 21st anniversary of my car accident on my way to serve every court in the State of Indiana. That accident began the disability discrimination I protested in 2014 that led to the ADA coordinator attack and my long suspension. My disfavored status at the U.S. Supreme Court could not be clearer. It's **personal**, choosing that date, 2/22/2022, for a wholly discretionary decision about granting my petition.

18. The 7th Circuit has granted me no relief in any fashion at all from the suspensions of its lower courts, which failures on petition to the U.S. Supreme Court were **all denied certiorari**.

19. Indiana's courts have denied me takings compensation under the Indiana Bill of Rights and the 5th & 14th Amendments' property takings protections.

20. *Straw v. Indiana*, 23A-PL-775 (Ind. Ct. App.); *Straw v. Indiana*, 22A-PL-2352 (Ind. Ct. App. 2022); *Straw v. Indiana*, 22A-PL-766 (Ind. Ct. App. 2022); *Straw v. Indiana*, 53C06-2110-PL-2081 (Monroe Cty. Cir. Ct. #6 4/4/2023)

21. I actually won a concession from the Indiana Court of Appeals in 2022 (overturning the trial court) that **law licenses are property** that could be **taken and compensated**, but my pleadings were found inadequate, so the dismissal was affirmed. The trial court would not allow me to amend my trial court complaint even though the Court of Appeals **agreed with me** on that fundamental property question. *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal.) **(Dkt. 22-4, ¶ 9)**.

5

22. When I tried to amend on remand to meet the pleading requirements described by the Indiana Court of Appeals at ¶ 12 of that decision, my *IFP* was denied so I was **denied a merits decision**. This while *at least 14* state and federal courts granted me *IFP* status in 2021-2022, including the Indiana trial court and *this Court* in *Straw v. LinkedIn*.

23. When a person complains to a former employer, it should not be possible for the ADA coordinator to retaliate such that the complainant's law licenses are taken away for 6 years. *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal.) (**Dkts. 22-5, 22-6, 22-20**).

24. The uncompensated takings of my law license properties were extreme, unjustified as **punishment for disagreements about law**, and another state called doing that to me a "drive-by shooting" that merited no sanction at all because it did not violate Rule 3.1. Virginia State Bar exonerated me in 2017, but Indiana ignores this and leaves me suspended. The Midwest federal courts ignored that Virginia order and also left me suspended. That VSB ORDER is in the docket of *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal.) (**Dkt. 22-21**).

25. Losing a law license like that for 6 years is tantamount to disbarment. ABA Rule 10. It is a total taking of my property, a destruction, and the damage to my reputation makes those licenses worthless even if I got them back.

26. Because the United States put me in that position by inflicting bipolar on me when I was born at Camp LeJeune and poisoned for 19 months as an infant while my father was stationed there during the toxic water time, I will have a

claim and lawsuit count for those losses under the new Camp LeJeune Justice Act of 2022. Public Law 117-168, SEC. 804; 136 Stat. 1802-1804. *Straw v. United States*, 7:23-cv-00162-BO-BM (E.D.N.C.) **(Dkt. 17, ¶ 128)**.

27. My expert in the Indiana trial court property takings case said two things of interest under oath. He said first that *I was in fact right* in my 4 cases upon which Indiana based its suspension. He said I should have won instead of losing and having my former employer call that an ethics violation worthy of many years of suspension. Then he said that the value of my 5 law licenses taken by Indiana was **$5,000,000** and he is an expert on property valuation. See: *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal.) **(Dkt. 22-22)**.

28. This was not just a property taking but a First Amendment violation because I have a right to use the federal courts without having to worry about losing my state law licenses (and 4 federal ones reciprocally) if I lose based on **a difference of legal opinion**. Using Indiana's standard, when a dissent happens on a court of appeals, all dissents are frivolous and deserve to be punished because no differences of opinion are allowed. Before the Indiana Supreme Court did that to me, the 7th Circuit said there is a **right to present viewpoints to the federal courts under the First Amendment**. *Domanus v. Locke Lord LLP*, 847 F.3d 469, **483** (7th Cir. 2017). If that is a First Amendment right, my right was retaliated against so severely that I lost property worth **$5 million**.

29. It is also worth noting that when the 4th Circuit found out that I had these Midwest suspensions, it chose not to investigate or hold any hearing and I have

7

never had any sanction by that Court as a lawyer admitted there from 1999-2023. It seems impossible, but it's true.

## SIGNIFICANCE OF CERTIORARI DENIALS

30. The issue here is not whether the other courts were wrong and whether the long string of unfair decisions against me as a disabled person who invoked the ADA, of all things, should be overturned. No, that's already done.

31. My issue is with being unable to have a merits decision at the U.S. Supreme Court.

32. The entire purpose of a Court is not to have a fancy building or a fat salary or wearing black robes. The purpose is to give merits decisions to people.

33. Here, I have been denied merits decisions regarding the deprivation of 5 law licenses. For the legal system, that's close to **top priority** because it concerns the officers of state and federal courts, and I held and lost licenses from both.

34. To my understanding, at the Founding, the U.S. Supreme Court was bound to give a merits decision to every person who petitioned. This is confirmed by the fact that in 1925, the Judges Act was drafted by 4 justices who did not like giving everyone a merits decision automatically and wanted the ability to say no without providing a merits decision. **99% of time, it turns out.**

35. I allege that as a matter of fact and law, the U.S. Supreme Court uses that statute, 43 Stat. 936, to justify its Rule 10, which makes certiorari up to 4 justices' discretion.

8

36. It seems strange that the Court would favor reviewing and protecting or likely protecting property worth much less than my 5 law licenses, (*Timbs v. Indiana*, 586 U.S. ___ (2019)(**$40,000**) & *Tyler v. Hennepin Cty., Minnesota*, 22-166 (TBD, 2023) (**$25,000**)). This while denying me protection for property worth **$5,000,000** and the right to pursue disability work as a lawyer or *pro se* without oppression of my legal opinions and interference. But that's how things stand. In other words, the U.S. Supreme Court is wildly inconsistent in its decisions on certiorari and 43 Stat. 936 gives that Court permission to act that way.

37. That said, I do not seek reversal or review of those 13 certiorari abuses and errors. That cannot be done by this Court.

38. What I ask instead is that the statute allowing those errors to happen rather than giving every petitioner a merits decision violates the U.S. Constitution.

39. Review of a statute for constitutionality is routine. *Marbury v. Madison*, 5 U.S. 137 (1803).

40. The Federal Rules of Civil Procedure anticipate such reviews of the constitutionality of a statute. **FRCP Rule 5.1**.

41. The denial of my petitions 13x by the U.S. Supreme Court from 2014-2022 using the powers granted by **43 Stat. 936** provide me with standing because I have been injured, as do the federal lawsuits I have pending, which may need a merits decision by the U.S. Supreme Court and only have about 1% chance *pro se* of being granted that merits decision. Further evidence of injury is the high likelihood that the bad decisions I appealed had a statistical probability

9

of being overturned of about 70% given past practice of the U.S. Supreme Court upon granting certiorari to others.

42. My pending lawsuits that may need review by the U.S. Supreme Court are as follows:

43. *Straw v. Indiana*, 23A-PL-775 (Ind. Ct. App.) (state property takings).

44. *Straw v. Utah*, 23-4036 (10th Cir.) (First Amendment court petitioning right).

45. *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal.) (ADA; Civil RICO).

46. *Straw v. United States*, 7:23-cv-00162-BO-BM (E.D.N.C.) (Camp LeJeune Justice Act).

## COUNT I: DECLARATION OF LAW THAT 43 STAT. 936 IS UNCONSTITUTIONAL

47. Federal law allows a **declaration of law as a remedy**. 28 U.S.C. § 2201(a). The Federal Rules of Civil Procedure also allow declarations of law. FRCP Rule 57.

48. I ask that 43 Stat. 936 be found unconstitutional for allowing the U.S. Supreme Court to close itself to petitioners by denying certiorari to them and **denying them merits decisions**. This first impression lawsuit suggests that this statute from 1925 violates Article III's guarantee that the U.S. Supreme Court will exist such that it **always provides merits decisions**, or it may violate the First Amendment right to use the courts as a **petitioning matter** or a **court openness and access matter**, or it may violate Due Process under the 5th Amendment because **fair play and substantial fairness** require an appellate Article III court to issue a merits decision when an appeal is presented.

49. That Judges Act of 1925, 43 Stat. 936, may also have been a violation of separation of powers because **4 U.S. Supreme Court justices wrote that law**.

50. I recognize that this declaration would instantly cause the U.S. Supreme Court to revert back to the system created by the Founders and it would have thousands of cases yearly requiring merits decisions when they only issue less than 100 now. But that's a problem *Congress must address* by providing more funds, mandating use of technology, and even expanding the size of the U.S. Supreme Court, something Congress can do without hurting petitioners' constitutional merits decision rights as a means of court **administration**.

51. Given the failures of Justices Clarence Thomas and Neil Gorsuch to disclose large financial transactions and gifts, now is the time to strip discretion from justices who may not be neutral or fair or disinterested in deciding grant or denial of certiorari petitions. My latest denial on 2/22/2022 shows there was something **personal** going on to accuse me of abuse of process on that date.

52. As a matter of policy, there should be no discretion and that would completely remove any possible abuses from being able to say yes or no. I am saying the Constitution says the answer is always yes to a petitioner. No bribery or influence should be possible to shift that 1% larger in favor of someone rich or connected whc gave justices gifts and expensive travel and real estate favors.

53. Thus, this Court should focus on the one issue I present. Whether that 43 Stat. 936 is unconstitutional or not. Please declare that it is for the benefit of all Americans who may need a merits decision from that Court.

11

54. This is not 1787 and the Supreme Court of the United States has an efiling system that any *pro se* individual should be able to use to streamline petitioning. There are technological means to increase efficiency right now and enable more merits decisions.

55. The U.S. Supreme Court has not ruled on the statute's constitutionality, though 4 justices wrote it. The Supreme Court has not contested that there was an absolute right to review prior to federal laws such as 43 Stat. 936 contracting that right to a discretion. "The general purpose of the Act of 1925 was to relieve this Court by limiting further the **absolute right to a review by it**." *Moore v. Fidelity & Deposit Co.*, 272 US 317, **321** (1926) (J. Brandeis, *per curiam*).

56. Simply using and applying an unconstitutional law without examining it does not equate to **a challenge to that law**, and that is what I am after. To assert otherwise is like saying that because Congress can pass constitutional amendments, its statutes can never be unconstitutional.

57. At some point, someone is going to be denied so much and so much property and rights denied that a challenge is motivated. Here I am to do that.

58. I am apparently asking a question that has not been asked and answered before. When I tried to sue the statute itself, I was told that one cannot sue a statute *in rem. Straw v. Judges Act of 1925*, 22-5129 (D.C. Cir. **2/20/2022**).

59. I am not trying to sue a statute now. I am seeking a declaration of what the law is concerning this 43 Stat. 936. *Marbury v. Madison*, 5 U.S. 137, 1 Cranch

137, 177, 2 L.Ed. 60 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is.").

60. If 43 Stat. 936 is found to be unconstitutional by allowing denials of certiorari, the following should also be declared unconstitutional for the same reason of allowing petitions to the U.S. Supreme Court for decision to be denied without a merits decision:

61. 28 USCA §§ 1254, 1257, 1258, 1259, & 1260.

62. It is worth noting that if the U.S. Supreme Court had not been hostile to my rights and my person, it could have treated the Indiana Supreme Court's attack on me as an **original jurisdiction matter** because I lived in **Kane County, Illinois**. at the time of the suspension, **not Indiana**. 28 USCA § 1251(b)(3). I certainly did not instigate that quasi-criminal[1] adversary process and opposed it at every stage. However, U.S. Supreme Court Rule 17 shows that even in an original jurisdiction case under 28 USCA § 1251, the Supreme Court is at liberty to refuse a merits decision by denying the motion for leave to file. So, that does not solve the problem and Rule 17 suffers from the same constitutional infirmity. Presumably, like Congress, the Supreme Court can pass rules and laws that are unconstitutional. Thus, along with the above provisions and 43 Stat. 936, Rule 17 should be declared unconstitutional because it too denies a merits decision by right.

63. FRAP Rule 3, by contrast, creates a right to an appeal.

---

[1] *In re Ruffalo*, 390 U.S. 544, **551** (1968)

64. The Supreme Court itself has said that, **"filing a complaint in court is a form of [First Amendment] petitioning activity."** *McDonald v. Smith*, 472 U.S. 479, 485 (1985). It has also said that there is a **"First Amendment right of access to the Courts."** *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, **741** (1983). Finally: ""Petitioners, of course, have the **right of access to the agencies and courts** to be heard on applications sought by competitive highway carriers. **That right**, as indicated, **is part of the right of petition protected by the First Amendment**. Yet that does not necessarily give them immunity from the antitrust laws." *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, **513** (1972).

65. A state bar regulatory agency can run afoul of the antitrust laws, as shown in *Goldfarb v. Virginia State Bar*, 421 U.S. 773 (1975), where price fixing happened. I believe the massive national impact violates the Sherman Act for oppressing legal trade across state lines.

66. Moreover, the disciplinary complaint did not mention all 4 of the cases because not all 4 were yet filed. So, in being asked to respond to the complaint, I opposed what was there, but over a year later another case was added in a verified complaint. That's because all I was accused of doing was asserting ADA rights with federal judges strongly disagreeing. Any case I might lose could added to such a disciplinary complaint. Thus, setting a precedent that any loss with a judge being angry somehow or irascible means the attorney acted unethically.

14

## PRAYER FOR RELIEF

67. I pray this Court will consider the facts and law presented above, my standing as a person injured by the constitutional violations I assert, the disappearance of my merits decisions into a discretionary meat grinder, and declare that 43 Stat. 936 violates the U.S. Constitution and Bill of Rights, *inter alia*, as explained above. I seek only that declaration of law so that I am not oppressed by 43 Stat. 936 again after having been denied merits decisions multiple times in the past.

## VENUE & JURISDICTION

68. This Court has jurisdiction under 28 U.S.C. § 1331 as this is a federal law matter under the federal Constitution. Also 28 U.S.C. § 1346(a)(2) because the United States is the defendant. The declaration also should prevent any officer of the United States from acting in contravention to the law declared here, so jurisdiction for that under 28 U.S.C. § 1361.

69. The Northern District of California thus is an appropriate venue under 28 U.S.C. § 1391(b)(3) because the United States may be sued in any district.

70. Since the Act complained of happened as a geographical matter in "The United States" as a whole, with 43 Stat. 936 having power over all people in all areas of the United States, including the Northern District of California, any district should suffice for venue. 28 U.S.C. § 1402(c).

I, Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: **May 3, 2023**.

Respectfully,

s/ ANDREW U. D. STRAW
712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com

16

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above **COMPLAINT** AND **COVERSHEET** AND *IFP* **APPLICATION** with the Clerk of the U.S. District Court for the Northern District of California by U.S. Mail, First Class and postage prepaid on **May 3, 2023,** at the address at the top of this document. The Court is requested to scan and enter these PDF documents, assign a case number, and determine *IFP* so service can be done to the United States (preferably electronically) under FRCP Rule 4(c)(3) and 28 U.S.C. § 1915(d). Once entered, these documents will be available on Pacer.gov for all attorneys of record to see, per the procedures of the Court.

Respectfully submitted,

Andrew U. D. Straw

s/ ANDREW U. D. STRAW
712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com