1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| ANDREW U.D. STRAW,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED STATES,<br><br>                    Defendant. | Case No.  23-cv-02265-LJC<br><br><br>**ORDER GRANTING IFP APPLICATION; REPORT AND RECOMMENDATION TO DISMISS WITH PREJUDICE; ORDER REASSIGNING CASE TO DISTRICT JUDGE**<br><br>Re: ECF Nos. 1, 2, 3, 5, 8 |

        On May 9, 2023, Plaintiff Andrew U. D. Straw filed his Complaint and an application for leave to proceed *in forma pauperis* (IFP).  ECF Nos. 1, 2, 5, 8.[1]  Having considered Plaintiff's papers, the Court **GRANTS** the IFP application and determines that the Complaint is frivolous and fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  Because not all parties have consented to magistrate jurisdiction, the undersigned issues this Report and Recommendation and orders reassignment of the case to a district judge, with the recommendation that Plaintiff's Complaint be dismissed without leave to amend.

        Plaintiff also filed a Motion for Service by the Clerk, requesting that the Clerk's office effectuate service if the Court grants his IFP application.  ECF No. 3.  Plaintiff's Motion was unnecessary because Federal Rule of Civil Procedure 4 requires the Court to order service "by a United States marshal or deputy marshal or by a person specially appointed by the court" if Plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915.  Fed. R. Civ. P. 4(c)(3).  Because

---

[1] Plaintiff initially filed an IFP application that included the wrong case information on the caption page.  ECF No. 2.  He then filed a "corrected" IFP application.  ECF No. 5.  Plaintiff subsequently filed another "corrected" IFP application (ECF No. 8), which is simply a duplicate of his original "corrected" application.

United States District Court
Northern District of California

1  the Court is granting Plaintiff's IFP application but recommending dismissal with prejudice and

2  without leave to amend pursuant to § 1915(e)(2)(B)(i), (ii), the undersigned also recommends that

3  Plaintiff's Motion for Service by the Clerk be **DENIED AS MOOT**.

## I.  BACKGROUND

5   Plaintiff purports to bring this lawsuit against the United States.  ECF No. 1 (Compl.) at 1.[2]

6  He seeks declaratory relief that the Judiciary Act of 1925 (43 Stat. 936) violates Article III, the

7  First Amendment, and the Fifth Amendment Due Process Clause of the U.S. Constitution by

8  granting the U.S. Supreme Court the discretion to hear only certain cases on review from the

9  federal appeals courts through the writ of certiorari process.  Id.  Previously, Plaintiff has

10  petitioned the Supreme Court for writ of certiorari thirteen times from 2014 to 2022, all of which

11  have been denied.  Id. ¶ 7.  Nearly all of Plaintiff's petitions to the Supreme Court stem from the

12  suspension of his law license in Indiana.  Id. ¶ 9.  Plaintiff claims that the Judiciary Act of 1925

13  violates Article III's guarantee of always providing "merits decisions," the First Amendment right

14  to "sue the courts as a petitioning matter or a court openness and access matter," and Due Process

15  under the Fifth Amendment because "fair play and substantial fairness require an appellate Article

16  III court to issue a merits decision when an appeal is presented."  Id. ¶ 48.  Plaintiff separately

17  alleges that in one of the instances when the Supreme Court denied him certiorari (Straw v. United

18  States, 21-6713 (Feb. 22, 2022)), the Supreme Court "insulted [him] cryptically by saying [his]

19  petition and previous petitions 'abused process.'"  Id. ¶ 17.  According to Plaintiff, this

20  demonstrates that there is "something personal going on to accuse [him] of abuse of process,"

21  because the petition was also denied on the anniversary of his car accident that he claims

22  eventually led to his law license suspension.  Id. ¶¶ 17, 51.

## II.  LEGAL STANDARD

24   A court may allow a plaintiff to prosecute an action in federal court without prepayment of

25  fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such

26  fees or provide such security.  See 28 U.S.C. § 1915(a)(1).  But the Court is also under a

---

[2] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system when the document is electronically filed on the court docket.

United States District Court
Northern District of California

1   continuing duty to dismiss a case filed without the payment of the filing fee whenever it

2   determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

3   may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

4   relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If the Court dismisses a case pursuant to Section

5   1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee.  This is

6   because the Court's Section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of

7   the court's discretion under the IFP statute.  Denton v. Hernandez, 504 U.S. 25, 34 (1992).

8        To make the determination under Section 1915(e)(2)(B), courts assess whether the

9   complaint "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

10   325 (1989).  Under Section 1915(e)(2)(B)(i), frivolousness "embraces not only the inarguable

11   legal conclusion, but also the fanciful factual allegation."  Id. at 325.  A court can also dismiss a

12   complaint where it is based solely on conclusory statements, naked assertions without any factual

13   basis, or allegations that are not plausible on their face.  Ashcroft v. Iqbal, 556 U.S. 662, 677-78

14   (2009); see also Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam).  Ordinarily the Court must

15   give an IFP plaintiff leave to "amend their complaint unless it is absolutely clear that the

16   deficiencies of the complaint could not be cured by amendment."  Franklin v. Murphy, 745 F.2d

17   1221, 1235, n.9 (9th Cir. 1984).

## III.   DISCUSSION

19        Having evaluated Plaintiff's financial affidavit, the Court finds that Plaintiff has satisfied

20   the economic eligibility requirement of 28 U.S.C. § 1915(a) and **GRANTS** the application to

21   proceed IFP.  However, the Complaint is frivolous, fails to state a claim on which relief may be

22   granted, and must therefore be dismissed without leave to amend under § 1915(e)(2)(B)(i), (ii).

23        After Congress passed the Judiciary Act of 1925, the Supreme Court's certiorari process

24   was enshrined in 28 U.S.C. § 1254, which provides that: "Cases in the courts of appeals *may be*

25   *reviewed* by the Supreme Court by ... writ of certiorari granted upon the petition of any party to

26   any civil or criminal case, before or after rendition of judgment or decree."  28 U.S.C. § 1254(1)

27   (emphasis added); see also 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by

28   Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions

United States District Court
Northern District of California

1   and agreeable to the usages and principles of law"); U.S. Sup. Ct. R. 10 ("Review on a writ of

2   certiorari is not a matter of right, but of judicial discretion.")  As such, the Supreme Court's

3   certiorari process is clearly consistent with congressional intent to "delineate[] the discretionary

4   nature of petitions for writs of certiorari and mandamus presented to the Supreme Court."

5   Clements v. Gonzales, 496 F. Supp. 2d 70, 75 (D.D.C. 2007), aff'd sub nom. Clements v.

6   Mukasey, No. 08-5065, 2008 WL 4898961 (D.C. Cir. July 11, 2008).

7           Plaintiff's constitutional due process attack on the Supreme Court's certiorari system has

8   already been rejected by at least one district court as frivolous and without merit.  See Straw v.

9   U.S. Dep't of State, No. CV ELH-19-2294, 2020 WL 2490022, at *17-19 (D. Md. May 14, 2020),

10  aff'd sub nom. Straw v. United States Dep't of State, 813 F. App'x 108 (4th Cir. 2020).  There,

11  Plaintiff filed a motion to amend his original complaint, which related to the denial of a visa to his

12  medical escort in the Philippines, seeking to "mount a constitutional challenge to the Judiciary Act

13  of 1925, which gave rise to the Supreme Court's discretionary certiorari process."  Id. at *17.  In a

14  detailed opinion with extensive analysis, the Maryland district court held that allowing Plaintiff to

15  amend his complaint "would be an exercise in futility" because "due process does not require any

16  level of appellate review much less a right to Supreme Court review."  Id. at *18 (quoting Julian

17  Velasco, Congressional Control Over Federal Court Jurisdiction: A Defense of the Traditional

18  View, 46 Cath. Univ. L. Rev. 671, 692-93 (1997)); see also McKane v. Durston, 153 U.S. 684,

19  687 (1894) (holding that appellate review of a criminal conviction "is not a matter of absolute

20  right, independently of constitutional or statutory provisions allowing such appeal"); Lindsey v.

21  Normet, 405 U.S. 56, 77 (1972) ("This Court has recognized that if a full and fair trial on the

22  merits is provided, the Due Process Clause of the Fourteenth Amendment does not require a State

23  to provide appellate review"); Jones v. Barnes, 463 U.S. 745, 751 (1983) ("There is, of course, no

24  constitutional right to an appeal…")

25          As the court in Straw pointed out, "[i]t follows logically that if there is no constitutional

26  right to appellate review in the first instance, the Due Process Clause does not guarantee the right

27  to review by the Supreme Court."  2020 WL 2490022, at *19 (citing Clements, 496 F. Supp. 2d at

28  75 (upholding constitutionality of "Supreme Court Rules that permit discretionary review of

4

petitions for writs of certiorari and mandamus.")) Also of note is the fact that Plaintiff's challenge to the Supreme Court's certiorari process was likewise considered and ultimately summarily rejected by the D.C. Circuit. See Straw v. Supreme Ct. of United States, 731 F. App'x 7, 8 (D.C. Cir. 2018) (per curiam), reh'g and reh'g en banc denied (D.C. Cir. Oct. 1, 2018).

Because Plaintiff's lawsuit is frivolous and lacks merit, "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Franklin, 745 F.2d at 1235 n.9.

## IV.   CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's Complaint are insufficient under 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and the undersigned finds that any amendment would be futile. Accordingly, the Clerk is directed to reassign this case to a district judge with the **RECOMMENDATION** that it be dismissed with prejudice.

Plaintiff may file an objection to these recommendations within 14 days of being served with a copy. See 28 U.S.C. §§ 636(b)(l); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. IBEW Local 595 Trust Funds v. ACS Controls Corp., No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

**IT IS SO ORDERED.**

Dated: June 23, 2023

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California