IN THE
# United States District Court
# for the Northern District of California

San Francisco Division

| | |
|---|---|
| **ANDREW U. D. STRAW**, ) | Case No.: 3:23-cv-02265-TLT |
| *Plaintiff,* ) | |
| ) | Hon. Trina L. Thompson |
| v. ) | Judge Presiding |
| ) | |
| **UNITED STATES**, ) | |
| *Defendant.* ) | JURY TRIAL NOT DEMANDED |

## OBJECTIONS TO RECOMMENDATION OF DISMISSAL (DKT. 12)

I, *plaintiff* Andrew U. D. Straw, make these objections and requests:

## FACTS & LAW

1. The Magistrate Judge previously presiding has granted my *IFP* status but found my complaint to be "frivolous" and recommends that this complaint be dismissed with prejudice and without possibility of amendment. To this I object.

## FRIVOLOUS

2. Frivolous as a legal term is overused and abused when it comes to the civil rights of disabled people like myself.[1] While the statute does allow "frivolous"

---

[1] Page 38, https://www.law.berkeley.edu/wp-content/uploads/2019/01/Paper-Colker.pdf :

> As one disability rights advocate said: "If a black man was denied access to a business on the basis of being black, we wouldn't get upset at the individual, we'd get upset at society for allowing 30 businesses to discriminate on the basis of his minority status. But when it comes to a person with a disability, we suddenly think it's frivolous."

as a grounds for dismissing, it is never necessary to use that because not stating a claim upon which relief can be granted is also listed. 28 U.S.C. § 1915(e)(2)(B)(i & ii).

3. Using the term frivolous is like slapping a party rather than just doing the work of the court and dismissing a claim that cannot go forward.

4. Frivolous can be used to stymie and prevent civil rights law reform by not allowing constitutional arguments that are legitimate. For instance, the NAACP made arguments to the U.S. Supreme Court in 1926 that race-based housing rights should be protected under the 14th Amendment. The U.S. Supreme Court stated, falsely I believe, that such arguments are frivolous,[2] especially when the Fair Housing Act implemented the NAACP position from 42 years earlier. If a position can be *law reform* adoptable by Congress, it cannot be considered frivolous as a legal question. ABA Model Rule 3.1.

5. It is almost more important for a civil rights law reform *to lose* than to win because losing shows the courts will not enforce the law and a new law is needed.

6. Also, there is a big difference between not stating a claim and a complaint being frivolous. *Neitzke v. Williams*, 490 U.S. 319, 320 (1989)

7. Using frivolous is especially heinous when a proper and very important claim is stated, as here.

---

[2] *Corrigan v. Buckley*, 271 U.S. 323, **329** (1926)

**SERVICE**

8. I do state a claim upon which relief can be granted. Thus, service should be granted as I requested, not denied as moot.

**SUBSTANCE**

9. The Magistrate Judge fairly describes why I brought this lawsuit, including the 13 denials of certiorari, the cryptic "abuse of process" claim by the U.S. Supreme Court in 2022, and the rights I assert under Article III and the First and Fifth Amendment rights I presented for a right to have a merits decision when I bring an appeal to the U.S. Supreme Court. However, I do discuss other reasons and I leave my complaint at Dkt. 1 to describe them, such as fatal separation of powers issues when the Judges Act was passed.

**LEGAL STANDARD**

10. The Magistrate Judge misconstrues its role in screening a case like mine. It is NOT an absolute discretionary matter to dismiss an *IFP* case. Asserting otherwise is to say that a court can dismiss any case it wishes, even one with merit, **slap the label of frivolous on it**, and not allow such otherwise meritorious cases to proceed.

11. The Magistrate Judge suggests that I can refile the matter if I pay the filing fee.

12. That is not how *IFP* works and this attitude is patently unfair. It shows that the Court will disallow *IFP* cases based on the arbitrary and capricious

"discretion" of the trial court. If a case has merit, it should be allowed whether that filing fee was paid or if the case was filed *IFP*.

## FACTS

13. The Magistrate Judge says that a case is frivolous when it **lacks both law and facts** in support of the complaint. That sounds about right.

14. However, I *was* denied certiorari 13x and this factual finding is part of the recommendation. That's because it is true.

15. Thus, this fact, that I was negatively impacted in my own 13 appeals and petitions by 43 Stat. 936 (The Judges Act of 1925) makes it impossible to call my complaint here frivolous **on the facts**.

## LAW

16. The Magistrate Judge does not engage with my actual arguments, such as the fact that the Supreme Court itself said in 1926 that the Judges Act shifted an **absolute right to appeal** into a discretionary matter. **Dkt. 1, ¶ 55**. "The general purpose of the Act of 1925 was to relieve this Court by limiting further the **absolute right** to a review by it." *Moore v. Fidelity & Deposit Co.*, 272 US 317, 321 (1926) (J. Brandeis, per curiam).

17. The Magistrate Judge ignores this and proceeds to say my case is frivolous as a matter of what can only be called *res judicata*, citing two other cases of mine and how parts of them ended. It is appropriate to review those cases because they do not represent what the Magistrate Judge says.

18. The Magistrate Judge cherry picks short quotes to prove her point but those points *assume* an answer to my complaint here that is not provided. For instance, *Jones v. Barnes*, 463 U.S. 745, **751** (1983) says in passing ("of course" with no citations) there is no constitutional right to an appeal, but that statement was *dicta* that was not required for the holding[3] in that criminal law case **about defense counsel obligations**.

19. My case IS about whether there is such a constitutional right and we know that Congress and a variety of justices and the president thought there was a right because they passed this law to restrict that "absolute right."

---

[3] *Held*:

> Defense counsel assigned to prosecute an appeal from a criminal conviction does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant. The accused has the ultimate authority to make certain fundamental decisions regarding his case, including the decision whether to take an appeal; and, with some limitations, he may elect to act as his own advocate. However, an indigent defendant has **no constitutional right to compel appointed counsel to press nonfrivolous points** requested by the client, if counsel, as a matter of professional judgment, decides not to present those points. By promulgating [463 U.S. 745, 746] a per se rule that the client must be allowed to decide what issues are to be pressed, the Court of Appeals seriously undermined the ability of counsel to present the client's case in accord with counsel's professional evaluation. Experienced advocates have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. Selecting the most promising issues for review has assumed a greater importance in an era when the time for oral argument is strictly limited in most courts and when page limits on briefs are widely imposed. The decision in *Anders*, far from giving support to the Court of Appeals' rule, is to the contrary; *Anders* recognized that the advocate's role "requires that he support his client's appeal to the best of his ability." 386 U.S., at 744 . The appointed counsel in this case did just that. Pp. 750-754.
>
> https://caselaw.findlaw.com/court/us-supreme-court/463/745.html

**STRAW V. U.S. DEP'T OF STATE**

20. The first matter the Magistrate Judge raised was *Straw v. U.S. Dep't of State*, No. CV ELH-19-2294, 2020 WL 2490022, at *17-19 (D. Md. May 14, 2020), aff'd sub nom. *Straw v. United States Dep't of State*, 813 F. App'x 108 (4th Cir. 2020).

21. This case was founded on my objections to how a disability-related repatriation loan was administered in my case. **Dkt. 1** of that case in its Counts I & II rely on Due Process and Rehab Act claims. Neither the Judges Act of 1925 nor 43 Stat. 936 appear in **Dkt. 1**. I was not allowed to amend, so that issue never appears in any operative complaint in that case.

22. In my **Dkt. 17** in that case, I did ask for a declaration of law (FRCP Rule 57 and 28 U.S.C. § 2201 allow these) on the Judges Act of 1925 which was similar to this case but not nearly as developed as my complaint here.

23. The question was whether I was going to be allowed to amend to assert a Due Process Clause grounds to attack 43 Stat. 936, and that was denied.

24. This decision is not *res judicata*, but merely another district court in another circuit deciding another case, mainly about the **Rehab Act** and my **denial of a statutory disability benefit**.

25. I have had more certiorari denials since then and my case here is focused on my <u>**13 total denials of certiorari**</u> for standing, the latest one adding an abusive, cryptic, and ultimately UNTRUE allegation that I have abused process when I have not.

26. This from a Court with justices who gorge themselves on billionaire trips and perquisites without properly reporting it or recusing when those people appear before the Supreme Court. Hon. [Clarence Thomas](). Hon. [Neil Gorsuch](). Hon. [Samuel Alito](). How can people with such lack of concern for law judge whether my poor person petitions are valid or not? That court is out of control with favoritism and dishonest refusals to report. It ceases to be a "court" in the justice sense and has turned into a regal court with royal individuals doling out favors *and* punishments as royal prerogatives.

27. My reform in finding the certiorari system unconstitutional will force Congress' hand because the Court will grind to a halt. But who would truly notice when the Supreme Court previously was **only granting merits decisions 1% of the time**?

## STRAW V. SUPREME COURT OF THE UNITED STATES

28. *Straw v. Supreme Court of United States*, 731 F. App'x 7 (D.C. Cir. 2018) (per curiam), *reh'g and reh'g en banc* denied (D.C. Cir. Oct. 1, 2018) was **cited** in the Maryland case, but that court would not allow me to challenge the certiorari system because it would have meant **a lower court enjoining a higher court**.[4]

29. In mentioning that case, the judge in Maryland essentially was saying the same thing, that it cannot enjoin the Supreme Court.

30. But that is what is different here. I am not suing the Supreme Court. This case is more like *Marbury v. Madison* in that its operative complaint asks for a

---

[4] https://caselaw.findlaw.com/court/us-dc-circuit/1944655.html

7

statute to be found unconstitutional. That is even anticipated in the Federal Rules of Civil Procedure. Rule 5.1. With an FRCP rule showing that constitutional review of a statute is possible, my request for review of a statute for constitutionality must be granted, not labeled frivolous.

31. That Maryland case also relies on states having no obligation to grant appeals when **this is not about state courts or their obligations**. This is solely about the **federal** Judges Act of 1925 and whether that law impacted an absolute constitutional right to a merits decision that was *recognized* just the next year in 1926. *Moore v. Fidelity & Deposit Co.*, 272 US 317, **321** (1926) (J. Brandeis, *per curiam*)

32. Far from being a frivolous case, the U.S. Supreme Court has already answered my legal query in 1926 and no lower court can question that conclusion.

33. There was an **"absolute right"** to a merits decision at the U.S. Supreme Court prior to this 1925 law. So said Justice Brandeis for a unanimous U.S. Supreme Court.

34. This Judges <u>Act</u> narrowed that constitutional right to a 4-justice discretion.

35. The judge in Maryland refused my amendment and that was the extent of what she did. The Fourth Circuit did not even explicitly discuss this Judges Act issue in affirming that **Rehab Act case**.

36. As Judge Hollander said, "This litigation is rooted in the denial of a visa to a foreigner who was to serve as a medical escort for an American citizen returning from the Philippines to the United States."

37. It was not a case against the U.S. Supreme Court. It was not a case where challenging the Judges Act was in **Dkt. 1** (Operative Complaint.). I wanted to litigate the question of Judges Act for future appeals, but was not allowed. My motion was denied. The defendant was the State Department, **not any court**. The defendant was not the statute but the State Department, which has nothing to do with certiorari or the Judges Act of 1925. That Maryland case was far more about demonstrating the **many gaping holes in federal law regarding disability rights for overseas Americans**.

38. And I am disabled. Judge Hollander held as much:

    > Mr. Straw is a United States citizen. ECF 1-2, ¶ 5. Plaintiff avers that he has "severe physical and mental disabilities," ECF 1, ¶ 4, as a result of birth defects and a "head-on" car accident that occurred in 2001. *See id.* ¶¶ 4-14; ECF 1-2, ¶ 4; ECF 25, ¶¶ 5, 8, 17; ECF 25-1 to ECF 25-6. Among other issues, plaintiff underwent an "amputation of the top portion of [his] right femur in 2012 . . . ." ECF 1-2, ¶ 4. **The government does not dispute that Mr. Straw is disabled.** *See* ECF 31 at 2.

39. As I have stated, my disabilities are from public service, but the Courts not only have *not* protected me and my rights, but instead have attacked me, restricted my right to use the Courts, insulted and defamed me, and stole my law license properties for over 6 years. It is shameful, how American judges treat me nationwide, and that is why I am an asylum seeker in the Philippines.

40. http://cpa.andrewstraw.com

**DISABILITIES**

41. I am a 9/11 victim with respiratory and digestive issues since 2001, when I visited Chinatown in NYC, within the affected area. VCF.gov Claim # 0260945.

42. I am a Camp LeJeune victim, **born there** and exposed to the toxins for **583 days** as an infant and *in utero* both. *Straw v. United States*, 7:23-cv-162-BO-BM (E.D.N.C.). My mother died of her Camp LeJeune cancer while I was finishing my law degree at IU-Maurer in 1997. Both my parents have had tumors in the torsos and brain/heads. We sacrificed for America but have never been respected with compensation. I still await it, 55 years on.

43. A reckless driver broke both my legs, my pelvis, ribs, hand, and skull behind my nose as I drove to the Indiana Supreme Court to work on 2/22/2001.

44. I have NEVER filed anything frivolous with any court and every time a judge uses this term against me, it is an abuse. <u>EVERY SINGLE TIME</u>.

45. 76 months on from the illegal suspensions, I am still seeking compensation for the illegal taking of my 5 law licenses. *Straw v.*

*Indiana*, 23A-PL-775 (Ind. Ct. App.); *Straw v. Indiana*, 53C06-2110-PL-2081 (Monroe Cty. Cir. Ct. #6 2023).

46. I will certainly need a right to an appeal to the U.S. Supreme Court when Indiana denies me my property rights, as is likely because Indiana state officers are not honest and will not protect my rights, based on their past behavior. The U.S. Supreme Court has been extremely pro-plaintiff in Takings Clause cases lately, including *Tyler v. Hennepin Cty*, 598 U.S. ___ (2023).[5] I don't owe Indiana ANYTHING. Indiana owes me the value of those licenses, $5 million according to my financial valuation expert.

47. If I have a RIGHT to petition and have a merits decision, I am likely to get **$5 million worth of property to be compensated**. That is even more reason to decide if I have that right or if it is constitutional to legislate away the absolute constitutional right to use the Supreme Court of the United States and get a merits decision automatically.

---

[5] Chief Justice of the United States Roberts said:

> The Takings Clause "was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Armstrong, 364 U. S., at 49. A taxpayer who loses her $40,000 house to the State to fulfill a $15,000 tax debt has made a far greater contribution to the public fisc than she owed. The taxpayer must render unto Caesar what is Caesar's, but no more.

# CONCLUSION

48. This Judges Act of 1925 statute has not been litigated directly on these constitutional questions, only touched upon lightly by another court where I was litigating **different statutory issues** against **defendants who have nothing to do with certiorari**. Different statutes, in effect.

49. Just because that Maryland Court would not issue the declaratory judgment does not preclude me from challenging this statute directly here and without suing any court with even more cert. denials, the latest in 2022.

50. I anticipate future petitions to the U.S. Supreme Court because now I have even more denials under my belt and a huge property case pending in Indiana.

51. My facts give me standing and even the Magistrate Judge does not deny this. She did not challenge my standing or mention it.

52. She simply disagreed with my constitutional arguments about this statute so strongly that she falsely used the word frivolous. The facts are in my favor, so frivolous is not appropriate or respectful of this litigant.

53. What the Court needs to decide is whether other cases that have NOT dealt specifically with the legal arguments here (in Maryland, it was an ancillary issue to a Rehab Act case, *dicta* not central to the final holding) but were <u>on other subjects</u> can be used to preclude me getting my statutory constitutionality answers from this Court.

54. *Res judicata* **is an affirmative defense** that the **defendant** must raise, not the Court. FRCP Rule 8(c)(1). 28 U.S.C. § 1915 does not authorize this Court to

dismiss based on "anything" the defendant may or may not raise. This Court cannot go on a fishing expedition and assert all the possible affirmative defenses to dismiss my case.

55. If the defendant does not raise *res judicata*, this Court cannot become a legal advocate for that side and make all its defenses for it. That treats the disabled, poor person even worse than the rich person who can afford the filing fee and this is not right or just.

56. I want to know if Congress can strip a constitutional right, an "absolute right" according to the Supreme Court, with a statute. *Moore v. Fidelity & Deposit Co.*, 272 US 317, 321 (1926) (J. Brandeis, *per curiam*). That's all I am after because this system is allowing the Supreme Court to deny its services to 99% of the people who ask, including me.

57. If Social Security simply refused to adjudicate applications for SSDI 99% of the time, there would be public outrage. There should be outrage here because this is ==even more serious==. The Supreme Court wants to be the sole fount of wisdom on constitutional issues, but then will not even decide the cases that this requires. Congress needs to make the Supreme Court bigger, with more justices and more technology and more resources so EVERY CASE GETS A DECISION ON THE MERITS. I would add stripping "frivolous" from any statute so that word cannot be abused anymore. ==*That's law reform.*==

58. That would be the biggest reform of the courts in 100 years and I am proud to assert this and be the one who makes this avalanche of justice crash down.

WHEREFORE, I OBJECT to report and recommendations. I ask the Court to confirm that it will decide my case without letting other courts (that were deciding other matters and other statutes) without my full factual and legal argument here ruin my ability to use this Court and decide this most important matter. This case is NOT FRIVOLOUS. It is of the utmost importance. My **facts** and standing are established with my 13 denials of certiorari, so **frivolous is not even possible**. Frivolous is only possible when *both* the facts and the law are implausible to an extreme degree, but both my facts and law are reasonable and demonstrated. The defendant should be served and my case should be allowed to continue. The case management schedule (**Dkt. 4**) should also be put into abeyance until the defendant is served and appears. I, Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury.  Signed: **June 23, 2023**.

Respectfully,

*[signature: Andrew U. D. Straw]*

s/ ANDREW U. D. STRAW
712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above **OBJECTIONS** with the Clerk of the U.S. District Court by CM/ECF on **June 23, 2023.** It will be available on PACER.gov after the Clerk scans it. Service is requested by the Clerk on the defendant per the *IFP* request and FRCP Rule 4(c)(3) and 28 U.S.C. § 1915(d).

Respectfully submitted,

s/ ANDREW U. D. STRAW
712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com