UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW U.D. STRAW,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant. | Case No. 23-cv-02265-TLT<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 12 |

On May 9, 2023, Plaintiff Andrew U.D. Straw ("Plaintiff") filed his complaint and an application for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2, 5, 8. The Court has reviewed Magistrate Judge Cisneros's Report and Recommendation to dismiss Plaintiff's complaint with prejudice ("Report and Recommendation"), as well as Plaintiff's objections to the Report and Recommendation. ECF Nos. 12, 14. The Court finds the Report and Recommendation correct, well-reasoned and thorough, and adopts it in every respect. The Court supplements Judge Cisneros's Report and Recommendation to address Plaintiff's objection.

### I. LEGAL STANDARD

A court may allow a plaintiff to bring an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. 28 U.S.C. § 1915(a)(1). However, a court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A court can dismiss a complaint where it is based solely on conclusory statements, assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 677-78 (2009).  Ordinarily, a court must give an IFP plaintiff leave to amend their complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Franklin v. Murphy*, 745 F.2d 1221, 1235, n.9 (9th Cir. 1984) *abrogated on other grounds* by *Neitzke v. Williams*, 490 U.S. 319 (1989) (citation omitted).

Here, Plaintiff objects to Judge Cisneros's recommendation to dismiss his complaint with prejudice.  To persuade the Court, Plaintiff would need to show that he could allege facts sufficient to state a claim upon which relief could be granted.  Based on the analysis provided in Judge Cisneros's Report and Recommendation, and for the reasons discussed below, the Court finds no such showing can be made here.[1]

## II. DISCUSSION

In his objection, Plaintiff argues that Article III of the Constitution guarantees a merit-based decision, as of right, to any petition for writ of certiorari filed with the Supreme Court and that the Judiciary Act of 1925 impermissibly removed that right.  ECF No. 14.  However, since the nineteenth century, jurists and scholars have discussed the discretionary nature of the Supreme Court's authority to review direct appeals on a writ of certiorari.

The writ of certiorari originated in English Courts.[2]  At its founding, the United States adopted much of England's judicial customs, including the discretionary nature of writs.[3] Accordingly, courts in the United States were given the authority to grant or refuse an application for the issue of a writ of certiorari at their own discretion.[4]

Article III imposes no prohibition on this practice.  Well before the Judiciary Act of 1925, the Supreme Court stated, in no uncertain terms, that "the granting of a writ of certiorari rests in the discretion of the court."  *Harris v. Barber,* 129 U.S. 366, 369 (1889).  Since 1925, Congress

---

[1] As a threshold matter, Plaintiff lacks Article III standing. Plaintiff is unable to allege that the Judiciary Act of 1925 caused an actual injury to a legally protected right. Plaintiff alleges that he has been denied an "absolute right" to a merit-based decision for the thirteen writ of certiorari petitions he filed with the United States Supreme Court. However, as the Court will discuss in more detail throughout this Order, there is no legally protected right to such review. Because no such right exists or had existed prior to 1925, Plaintiff has not alleged actual injury to a legally protected right, and this Court cannot provide Plaintiff's requested relief.
[2] Frank J. Goodnow, *The Writ of Certiorari*, 6 POL. SCI. Q. 493, 493 (1891)
[3] *Id.* at 501
[4] *Id.*

has codified the Supreme Court's certiorari process in 28 U.S.C. § 1254. *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Acts of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); U.S. Sup. Ct. R. 10 ("Review on a writ of certiorari is not a matter of right, but of judicial discretion").

Plaintiff cannot plausibly allege that the Judiciary Act of 1925 has harmed him because there is no right to a review by the Supreme Court by writ of certiorari, nor had there been such a right before 1925. As discussed in Plaintiff's previous case "[i]t follows logically that if there is no constitutional right to appellate review in the first instance, the Due Process Clause does not guarantee the right to review by the Supreme Court." *Straw v. U.S. Department of State*, 2020 WL 2490022 at *17-19 (D. Md. May 14, 2020). As such, the Court finds that Plaintiff has failed to demonstrate that the Judiciary Act of 1925 denies him fair access to a merit-based decision by the Supreme Court because the Supreme Court has discretionary authority—and had such authority before 1925—to grant or deny certiorari.

### III.    CONCLUSION

Accordingly, this Court **ADOPTS** Judge Cisneros's recommendation to **DISMISS** Plaintiff's Complaint **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 26, 2023

_____
TRINA L. THOMPSON
United States District Judge